*7 Opinion of the Court, by
Ch. J. Muter.
THE only question arising in this cause is, whether it was legal on the trial of the original suit to prove by a witness what the Surveyor who was dead told him in 1775, as to the lines appearing on the land in dispute, *8 said to have been run by him in 1774 for the defendant?
Inadmissible to prove boundary in this country.
As this question is made by a bill of exceptions, and is highly important, it is proper in the decision to take a view of the leading rules of law concerning legal evidence.
It is a general and fundamental rule of evidence, which ought to be observed in all judicial trials, that the best or highest evidence the nature of each particular case is capable of, shall always be required, if to be had; but if such evidence cannot be obtained, then the best legal evidence which can be had shall be allowed.
Hence arises a second general rule of evidence, that when a right commenced or can be ascertained by written evidence (which from its nature is the most certain) the right shall be proved by the writing. Except, however, that parol evidence may in some instances be admitted to verify or support the writing; but never to add to it, or to contradict it. Except also, that in some instances, parol evidence may be admitted to prove that a writing was obtained by fraud or mistake.
Also, from the same fundamental rule of evidence arises a third general rule, that when a right commences by parol, it may be proved by parol evidence, provided it be publicly given under the sanction of an oath, or solemn affirmation administered according to law, and the opposite party had a fair opportunity allowed him of cross-examining the witness.
And out of the rule of evidence last recited arises a fourth general rule, that a witness shall not be admitted to prove what any one had said, who was not on oath.
But to this rule there are several exceptions, all of which, so far as they can affect the present question, seem to be confined to general customs, and common tradition or repute. In which cases, what persons who are dead, have been heard to say in their life time, may be given in evidence, either to support higher evidence, or as evidence in chief where higher evidence cannot be had. And it may be observed, that in these cases, such hearsay evidence is proper, because it is the best which can be obtained; and is safe, because if not true, it can be disproved by other evidence of the same kind. But even in these cases hearsay is restricted from be *9 ing evidence of particular facts; because, in such instances, although the evidence should be false, yet counter evidence could not be expected.
There is, however, one case wherein hearsay evidence is legal, which may be supposed not to be comprised under the proof of general customs, common tradition or repute, to wit, to prove that land in contest is parcel or not parcel of a certain tract. But it seems to the court, that such evidence has always been confined to cases where a right to land commenced by parol and depended on it, (such rights being numerous in England,) and that the point to be ascertained in every such case was, whether the land in contest had been commonly reputed to appertain to a tract of land in that predicament; and it is conceived, that to suppose such evidence was ever admitted in other cases would be absurd, inasmuch as it would have been a violation of some, or all of the general rules of evidence which have been recited, when necessity did not require if, nor circumstances render it safe. As to the cases where hearsay evidence has been admitted in England to prove the settlement of paupers, the court conceives that they are evidently anomalous, and need not be considered.
These being the sentiments of the court on the law concerning hearsay evidence, and knowing that all the rights to lands in this state and their boundaries at first commenced and still continue to depend on written evidence, it seems that hearsay evidence cannot legally be admitted to prove such rights or boundaries; unless perhaps in cases where the name of a water course, or of some other object which commenced by parol, were necessary to be established.
For these reasons the court is of opinion that the lines alluded to in the question under consideration, could only be proved by record, and not by parol evidence of any kind, further than to ascertain that the marks on the land corresponded with the calls contained in the record. And moreover, that whatever the surveyor who made them, could have related concerning them, must have been particular facts, which, if the proof of those marks or lines had depended on parol, could not have been legally proved by hearsay; consequently, that the court below erred in admitting a witness for that purpose.